JACOB M. HARPER (State Bar No. 259463)
jacobharper@dwt.com
MARCY BLATTNER MICALE (State Bar No. 319868)
marcymicale@dwt.com
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Defendants
UTZ BRANDS, INC. AND
UTZ QUALITY FOODS, LLC

IN THE UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA

DEBRA BACHMAN, individually and on behalf of all similarly situated persons,

Plaintiff,

v.

UTZ BRANDS, INC.; UTZ QUALITY FOODS, LLC; and DOES 1 through 50, inclusive,

Defendants.

Case No.

**DEFENDANTS UTZ BRANDS, INC. AND UTZ QUALITY FOODS, LLC'S NOTICE OF REMOVAL**

[From the Superior Court of California, County of San Francisco, Case No. CGC-26-640128]

State Action Filed: August 19, 2026
Action Removed: October 2, 2026

**TO THE CLERK AND TO PLAINTIFF AND THEIR ATTORNEYS:**

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendants Utz Brands, Inc. and Utz Quality Foods, LLC (collectively, Utz) hereby remove this action from the Superior Court of the State of California for the County of San Francisco to the United States District Court for the Northern District of California, San Francisco Division.

## State Court Action

1. On August 19, 2026, Plaintiff Debra Bachman commenced this action in the Superior Court of the State of California, County of San Francisco, captioned *Debra Bachman v. Utz Brands, Inc. and Utz Quality Foods, LLC*, Case No. CGC-26-640128 (the State Court Action). A true and correct copy of the original complaint in the State Court Action is attached hereto as **Exhibit 1** (the Complaint). Ms. Bachman served the Complaint on Utz Brands, Inc. on September 2, 2026, and on Utz Quality Foods, LLC on September 3, 2026.

2. Ms. Bachman alleges she purchased multiple Boulder Canyon brand products marketed as "avocado oil" products (the Avocado Oil Chips)—including potato chips, tortilla chips, Thin & Crispy chips, Wavy chips, and "Poppers" snacks—from Costco and Target retail locations in California from 2025 to 2026. (Compl. ¶¶ 7, 11, 20, 44–45.) Although she does not make any allegations specific to the chips she personally purchased, she appears to generally contend the oil used as an ingredient in the Avocado Oil Chips was not compositionally consistent with authentic avocado oil based on a July 2026 study by researchers at the University of California, Davis. (*Id.* ¶¶ 26, 33–38.) Based on these allegations, Ms. Bachman contends that Defendants' labeling was "false and deceptive." (*Id.* ¶ 2.) Ms. Bachman brings claims on behalf of putative classes of California consumers for violations of California's (1) False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500 *et seq*., (2) Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq*., and (3) Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et seq*. (*Id.* ¶¶ 71–105.) Ms. Bachman seeks restitution, disgorgement, damages, injunctive relief, attorneys' fees and costs, and pre- and post-judgment interest. (*Id.* Prayer for Relief.) Utz contends Ms. Bachman's claims are meritless.



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

3. In addition to the pleadings and filings mentioned above, all other pleadings, processes, and orders served upon or received by Defendants in the State Court Action or found on the docket in that action are intended to be attached hereto as follows:

a. The Civil Case Cover Sheet is attached hereto as **Exhibit 2**;

b. The Notice to Plaintiff is attached hereto as **Exhibit 3**;

c. The Summons is attached hereto as **Exhibit 4**;

d. The Proofs of Service are attached hereto as **Exhibit 5**; and

e. A copy of the docket in the State Court Action is attached hereto as **Exhibit 6**.

4. The State Court Action is removable to this Court because the Court has original jurisdiction under 28 U.S.C. § 1332(d)(2), and the Northern District of California, San Francisco Division, encompasses the location in which the State Court Action is currently pending (i.e., San Francisco, California). *See* 28 U.S.C. § 1332(d)(2)(A) ("The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant[.]"); *id.* § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."); *id.* § 84(a) (setting San Franscisco County in the Northern District of California).

**<u>The Action Is Removable Under the Class Action Fairness Act</u>**

5. This Court has original jurisdiction pursuant to the Class Action Fairness Act of 2005 (CAFA). CAFA was enacted based on Congress's concern that "cases involving large sums of money, citizens of many different States, and issues of national concern, have been restricted to State courts even though they have national consequences." 151 Cong. Rec. S1086-01, S1103 (Feb. 8, 2005). CAFA's purpose is to allow "[f]ederal court consideration of interstate cases of national importance." 28 U.S.C. § 1711, stat. note, subd. (b)(2).



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

6. "[N]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

7. CAFA extends federal jurisdiction over class actions where: (1) any member of the proposed class is a citizen of a state different from any defendant (i.e., minimal diversity exists); (2) there are at least 100 members in all proposed plaintiff classes combined; (3) the amount in controversy exceeds $5 million; and (4) no exception to jurisdiction applies. *See* 28 U.S.C. § 1332(d). As explained below, each of these requirements is satisfied in this case.

***The Minimal Diversity Requirement Is Satisfied***

8. A putative class action is removable based on diversity jurisdiction if "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

9. Ms. Bachman is a citizen and resident of California. (Compl. ¶ 10.) The putative class Ms. Bachman seeks to represent includes a "California Class" of "all natural persons who purchased at least one of the Class Products in the State of California within the applicable statute of limitations period," and a "California Consumer Subclass" of "[a]ll natural persons who purchased at least one of the Class Products in the State of California, for personal, family, or household purposes, within the applicable statute of limitations period." (Compl. ¶ 58.)

10. Utz Quality Foods, LLC is a Delaware limited liability company with its principal place of business in Hanover, Pennsylvania. (Compl. ¶ 11.) For purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of all its members. *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). The sole member of Utz Quality Foods, LLC is Utz Brands Holdings, LLC., a Delaware limited liability company with its principal place of business in Hanover, Pennsylvania. The majority member of Utz Brands Holdings, LLC is Utz Brands, Inc., a Delaware corporation with its principal place of business in Hanover, Pennsylvania. A corporation is a citizen of every state in which it is incorporated and of the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). Thus, Utz Brands, Inc. is a citizen of Delaware and Pennsylvania. As such,



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

Utz Quality Foods, LLC is a citizen of Delaware and Pennsylvania. Therefore, sufficient (and minimal) diversity of citizenship exists between the relevant parties in this case.

11. The Complaint also names DOES 1 through 50, inclusive, as defendants. The citizenship of fictitiously named defendants is disregarded for purposes of removal. *See* 28 U.S.C. § 1441(b)(1).

***Plaintiff's Proposed Class Exceeds 100 Members***

12. This action is a proposed "class action" under 28 U.S.C. § 1332(d)(1)(B), which is defined as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action[.]"

13. To remove a class action under CAFA, "the number of members of all proposed plaintiff classes in the aggregate" must be at least 100. 28 U.S.C. § 1332(d)(5)(B).

14. According to Ms. Bachman, "[t]he number of individuals who purchased Class Products during the relevant time period is at least in the hundreds." (Compl. ¶¶ 60, 62.) The Class Products are sold throughout California. (Compl. ¶ 62.) The proposed class encompasses all persons who purchased the Avocado Oil Chips in California during the applicable limitations period. (Compl. ¶ 58.)

15. Therefore, the members of the proposed classes exceed 100.

***The Amount in Controversy Exceeds $5 Million***

16. Where, as here, "the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Dart Cherokee*, 574 U.S. at 84. To establish the amount in controversy, a notice of removal "need not contain evidentiary submissions." *Id.* Rather, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89.

17. For purposes of removal only, and without conceding that Plaintiff or the putative class are entitled to any damages, remedies, or penalties whatsoever, the aggregated claims of the putative class, as pleaded in the Complaint, exceed the jurisdictional amount of $5,000,000 exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2); *see also Lewis v. Verizon*



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

*Commc'ns, Inc.*, 627 F.3d 395, 397 (9th Cir. 2010) (removing defendant need only show "potential damages could exceed the jurisdictional amount"); *Figueroa v. Multi-Color Corp.*, 2024 WL 3101013, at *2 (N.D. Cal. June 24, 2024) ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe.").

18. Ms. Bachman alleges that she and the putative class members "would not have purchased" the Avocado Oil Chips had they known of the alleged mislabeling (*see* Compl. ¶¶ 7, 45, 74, 85, 103) and she seeks, among other things, restitution, disgorgement, and damages, including the purchase price, from the sale of the Avocado Oil Chips. (Compl. ¶¶ 75, 86–87, Prayer for Relief.) During the alleged class period, total sales of the Avocado Oil Chips—sold nationwide in all states for the four years captured by the complaint—have exceeded $4,000,000. Without conceding that the alleged measure of damages would be the proper measure of relief for any of the claims, it is reasonably possible that aggregated compensatory damages for the putative class alone would exceed $4,000,000 in liability.

19. In addition, in the Ninth Circuit, attorneys' fees may be included in the amount in controversy. *See, e.g.*, *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155 (9th Cir. 1998). "The Ninth Circuit has established a 'benchmark' of 25 percent for awards of attorneys' fees in common fund cases." *Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 297 (N.D. Cal. 1995); *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 260 (N.D. Cal. 2015) (same). Thus, attorneys' fees in the amount of 25% of the possible common fund should be included in the amount in controversy here. Because it is reasonably possible that the common fund could amount to at least $4,000,000, attorneys' fees would amount to at least $1,000,000. This comports with numerous class action cases involving California consumer protection statute causes of action (such as claims under the UCL, CLRA, and FAL) and allegations of false or misleading sales practices, where attorneys have sought in excess of $1,000,000 in attorneys' fees. *See, e.g.*, *Hendricks v. Starkist Co.*, 2016 WL 5462423, at *10 (N.D. Cal. Sep. 29, 2016) (UCL, CLRA, false advertising, and implied warranty consumer protection class action; seeking approval of $4 million in fees); *Brown v. Hain Celestial Grp., Inc.*, 2016 WL 631880, at *7 (N.D. Cal. Feb. 17, 2016) (UCL and CLRA consumer protection class action; seeking approval



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

in excess of $3 million in fees); *Retta v. Millennium Prods., Inc.*, 2017 WL 5479637, at *11 (C.D. Cal. Aug. 22, 2017) (same; seeking approval in excess of $2 million).

20. Ms. Bachman's requested injunctive relief further increases the amount in controversy well past $5,000,000. "When the plaintiff seeks injunctive relief, the cost of complying with the injunction is included in the amount in controversy." *Martinez v. Johnson & Johnson Cons., Inc.*, 471 F. Supp. 3d 1003, 1007 (C.D. Cal. 2020) (citing *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018)). If injunctive relief were granted, it would involve changing the labels and marketing of the Avocado Oil Chips sold in California. (*See* Compl. ¶¶ 54–56.) In particular, Ms. Bachman seeks an order "prohibiting Defendants from the marketing and packaging of the Class Products" with the alleged misleading statements. (*Id.*) The cost of any such proposed injunction (e.g., corrective advertising, revisions to labels and marketing, additional disclosures, and impacts resulting from the changes in marketing and labels) is substantial and further indicates the amount in controversy is exceeded.

21. In sum, based on Plaintiff's pleaded assertions and pleaded theories of recovery and remedies, the amount in controversy exceeds $5,000,000.

### ***Exceptions to Jurisdiction Do Not Apply***

22. The diversity between Ms. Bachman and each Utz defendant not only satisfies the minimal diversity requirements under CAFA but also precludes the "local controversy" and "home state" exceptions in 28 U.S.C. § 1332(d)(3) & (d)(4), because neither defendant is a citizen of California. The California-only class definitions do not alter that conclusion.

### ***Divisional Assignment***

23. Pursuant to N.D. Cal. L.R. 3-2(d), this action shall be assigned to the San Francisco Division because the State Court Action was filed in San Francisco County.

## Utz Satisfies the Requirements of 28 U.S.C. § 1446

24. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1446(a).

25. This Notice of Removal has been filed within 30 days of September 3, 2026, the date Utz Quality Foods, LLC was served with the Complaint. *See* 28 U.S.C. § 1446(b)(2)(B).



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

26. Concurrently with the filing of this Notice, Utz is giving written notice to all adverse parties of the filing of this Notice. A copy of the Notice of Removal is being filed with the Clerk of the Superior Court of the State of California, County of San Francisco. *See* 28 U.S.C. § 1446(d).

27. The removal of this action terminates all proceedings in the Superior Court of the State of California, County of San Francisco. *Id.*

28. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Utz's right to assert any defenses or objections, including but not limited to those pursuant to Rule 12 of the Federal Rules of Civil Procedure.

WHEREFORE, the above-entitled action is removed from the Superior Court of the State of California, County of San Francisco to the United States District Court for the Northern District of California.

DATED: October 2, 2026

DAVIS WRIGHT TREMAINE LLP

By: /s/ Jacob M. Harper
Jacob M. Harper

Attorneys for defendant UTZ BRANDS, INC. and UTZ QUALITY FOODS, LLC



**DAVIS WRIGHT TREMAINE** LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

PROOF OF SERVICE BY U.S. MAIL

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Davis Wright Tremaine LLP, 350 South Grand Avenue, Los Angeles, California 90071.

On October 2, 2026, I served the foregoing document(s) described as: **DEFENDANTS UTZ BRANDS, INC. AND UTZ QUALITY FOODS, LLC'S NOTICE OF REMOVAL** by placing a true copy of said document(s) enclosed in a sealed envelope(s) for each addressee named below, with the name and address of the person served shown on the envelope as follows:

Eric A. Grover
Sarah R. Holloway
KELLER GROVER LLP
1965 Market Street
San Francisco, California 94103
eric.grover@kellergrover.com
sarah.holloway@kellergrover.com
*Attorneys for Plaintiff Debra Bachman*

☑ MAIL - by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.

Executed on October 2, 2026, at Los Angeles, California.

☐ State I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

☒ Federal I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Shari Sanders

Shari Sanders



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899